IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOEL GARCIA NUNEZ, §<br>#1002419, §<br>PETITIONER, §<br>§<br>v. §<br>§<br>DIRECTOR, TDCJ-CID, §<br>RESPONDENT. § | CIVIL CASE NO. 3:24-CV-1415-E-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Joel Garcia Nunez's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. Nunez paid the $5 filing fee. As detailed here, the successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

In 2000, Nunez pled guilty to murder and was sentenced by a jury to 99 years' imprisonment. *State v. Nunez*, No. F99-46647 (Crim. Dist. Ct. No. 2, Dallas County, Tex. Aug. 24, 2000). Nunez's conviction was affirmed on direct appeal. *Nunez v. State*, No. 08-00-00433-CR, slip op. at 13, 2002 WL 1938988 (Tex. App.– El Paso Aug. 22, 2002, no pet.) (unpublished). Subsequently, Nunez unsuccessfully challenged his convictions in state and federal habeas proceedings. *Nunez v. Dretke*, No. 3:03-CV-2812-K, 2005 WL 3534210, at *1 (N.D. Tex. Nov. 7, 2005), *rec. accepted*, No. 3:03-CV-2812-K (N.D. Tex. Dec. 13, 2005). The United States Court of Appeals for the Fifth Circuit affirmed this Court's denial of habeas relief.

*See Nunez v. Quarterman*, 294 F. App'x 104 (5th Cir. 2008) (per curiam), *cert. denied*, 130 S. Ct. 364 (2009). And on September 29, 2022, the Fifth Circuit denied Nunez's motion for authorization to file a successive petition. *In re Nunez*, No. 22-10671 (5th Cir. Sep. 29, 2022) (per curiam).

On May 20, 2024, Nunez filed his *Motion to Amend Federal Writ of Habeas Corpus*. Because the motion raised new grounds for relief, it was construed as a 28 U.S.C. § 2254 petition and the magistrate judge recommended that it be transferred to the Fifth Circuit as a successive petition. *Nunez v. Director*, No. 3:24-CV-1273-K (N.D. Tex. June 5, 2024) (recommendation pending).

By the instant action, Nunez again seeks to challenge his underlying conviction. Doc. 3 at 1-2. He raises the same grounds as those in his 2022 motion for authorization to file a successive petition previously denied by the Fifth Circuit. *In re Nunez*, No. 22-10671 (5th Cir. Sep. 29, 2022) (per curiam). Specifically, Nunez alleges that (1) he is actually innocent, (2) the prosecution engaged in prosecutorial misconduct by withholding exculpatory evidence, and (3) his trial counsel provided ineffective assistance of counsel in failing to contact alibi witnesses and in misadvising him about pleading guilty. Doc. 3 at 6-7; Doc. 4 (brief in support).

Because Nunez has not obtained prior authorization to file a successive application from the court of appeals, his petition should be dismissed.

**II. ANALYSIS**

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence

that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first permitted the petitioner to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition here. Nunez must obtain such an order before he can file a successive application challenging his conviction. Because this is Nunez's second successive § 2254, dismissal without prejudice for want of jurisdiction—rather than transfer—is appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (addressing transferred application); *Crone*, 324 F.3d at 838 (remanding successive application with instructions to dismiss).

### III. CONCLUSION

For all these reasons, Nunez's successive habeas petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because he has not obtained authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. §

2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on July 2, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).